1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBIN GILLEN STARR,

11              Plaintiff,                    No. CIV S-11-3038 GGH P

12        vs.

13   JEFF REISIG, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16              Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.  On December 2, 2011, plaintiff was directed to pay the filing fee or submit

18   an application to proceed in forma pauperis.  Plaintiff has now filed a request for leave to

19   proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has not, however, filed a

20   certified copy of his prison trust account statement for the six month period immediately

21   preceding the filing of the complaint and obtained the certification required on the application

22   form.  <u>See</u> 28 U.S.C. § 1915(a)(2).  Plaintiff will be provided the opportunity to submit the

23   completed application and the certified copy in support of his application to proceed in forma

24   pauperis.

25              Plaintiff has also requested the appointment of counsel.  The United States

26   Supreme Court has ruled that district courts lack authority to require counsel to represent

1

1    indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

2    (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

3    counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

4    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

5    court does not find the required exceptional circumstances.  Plaintiff has failed to submit a proper

6    in forma pauperis application, so the complaint has not yet been screened.  A brief review of the

7    complaint reveals that plaintiff is suing the district attorney who prosecuted the case, but

8    plaintiff's complaint may be barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

9    Plaintiff's motion for the appointment of counsel will therefore be denied.

10              Plaintiff has also filed a motion to be released.  If plaintiff wishes to challenge his

11   conviction he must do so in a writ of habeas corpus.

12              In accordance with the above, IT IS HEREBY ORDERED that:

13              1.  Plaintiff shall submit, within thirty days from the date of this order, a certified

14   copy of his prison trust account statement for the six month period immediately preceding the

15   filing of the complaint and the certification required on the application form.  Plaintiff's failure to

16   comply with this order will result in a recommendation that this action be dismissed without

17   prejudice.

18              2.  The Clerk of the Court is directed to send plaintiff a new Application to

19   Proceed In Forma Pauperis By a Prisoner.

20              3.  Plaintiff's December 22, 2011 motion for the appointment of counsel (Docket

21   No. 9) is denied.

22              4.  Plaintiff's motion for release (Docket No. 6) is denied.  The Clerk of the Court

23   is directed to send plaintiff the forms to file a habeas corpus petition.

24   DATED: January 4, 2012

                      /s/ Gregory G. Hollows
25                    UNITED STATES MAGISTRATE JUDGE

26   GGH: AB - star3038.3e